UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| LAJUNE L. MORGAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:19-cv-12510 |
| DIVERSIFIED CONSULTANTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes LAJUNE L. MORGAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Wayne County, Michigan, which is located within the Eastern District of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant promotes that "[o]ur services offerings include both first and third party collections"[1] Defendant is a corporation organized under the laws of the state of Florida with Crawford, John Resq. as its registered agent located at 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.dcicollect.com/about/

2

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action stems from Defendant's attempts to collect upon a defaulted telecommunications debt ("subject debt") that Plaintiff purportedly owes to Sprint Corporation ("Sprint").

10. Around May of 2019, Plaintiff began receiving calls to her cellular phones, (248) XXX-3854 and (248) XXX-0132, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole operator of the cellular phones ending in -3854 and -0132. Plaintiff is and always has been financially responsible for the cellular phones and their services.

12. Plaintiff was confused as to how Defendant obtained her cellular phone number ending in -0132 as she had never provided it to Defendant.

13. Upon information and belief, Defendant obtained Plaintiff's cellular phone number ending in -0132 through skip-tracing technology.

14. Defendant has primarily used the phone number (904) 247-5500 when placing collection calls to Plaintiff's cellular phones, but upon information and belief, it has used other numbers as well.

15. Upon information and belief, the above referenced phone number ending in -5500 is regularly utilized by Defendant during its debt collection activities.

16. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant was seeking to collect the subject debt.

17. Shortly after Defendant started its collection efforts, Plaintiff demanded that it stop calling her.

18. Notwithstanding this information, Defendant continued placing repeated phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt.

19. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 1994.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.    Violations of the FDCPA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling

---

[2] http://www.acainternational.org/search#memberdirectory

Plaintiff's phones on a systematic basis in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of the FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phones in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her after she demanded that it stop calling.

6

34. Defendant also violated §1692e and e(10) through its acquisition of Plaintiff's phone number. Plaintiff did not provide Defendant with consent to contact her cellular phone number ending in -0132. Upon information and belief, Defendant used skip-tracing technology to obtain Plaintiff's cellular phone number. Accordingly, Defendant used deceptive means to obtain information and collect upon Plaintiff.

    c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, LAJUNE L. MORGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

40. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

41. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

    **a. Violations of M.C.L. § 339.915(f)(ii)**

42. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

43. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phones using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system even though Plaintiff had never consented to receiving such calls. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling her cellular phones. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phones absent the lawful ability to do so.

b. **Violations of M.C.L. § 339.915(n)**

44. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

45. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 30 times after she demanded that

9

it stop. This repeated behavior of systematically calling Plaintiff's phones in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

46. Further, Plaintiff told Defendant that its calls to her cellular phones were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

47. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, LAJUNE L. MORGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

    c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

    d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

    e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2); and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 26, 2019                                        Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225

*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com